## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES** | * | |
| | * | |
| **v.** | * | **Crim. Case No.:  SAG-08-00117** |
| | * | |
| **CHI ANTONIO RAY,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## <u>MEMORANDUM OPINION</u>

Defendant Chi Antonio Ray, who is serving a 240-month sentence in the Bureau of Prisons ("BOP"), filed a self-represented motion seeking compassionate release, which was later supplemented by his counsel in a separate motion. ECF 168, 173. Ray received his sentence in 2008 following his guilty pleas to armed bank robbery and using and carrying a firearm in connection with a crime of violence. ECF 65. He argues that because he would no longer qualify as a career offender, if he were sentenced today, he would have proceeded to sentencing with a far lower advisory guidelines range and would have received a much lower sentence. *See* ECF 173 at 5–8. He contends that the extended length of his sentence, in combination with his evident rehabilitation, constitutes extraordinary and compelling reasons supporting his release from custody at the present time, approximately one year before his currently scheduled release date. *Id.* at 8–9. The Government has filed an opposition to Ray's motion. ECF 180. This Court afforded the Government an additional opportunity to supplement its submission with victim impact statements in accordance with the Crime Victims' Rights Act, 18 U.S.C. § 3771, ECF 181, but no statements have been submitted. No hearing is necessary. For the reasons addressed below, this Court will GRANT Ray's motions and will reduce his sentence to time served.

As part of the First Step Act, enacted in December, 2018, Congress expanded 18 U.S.C.

§ 3582(c), permitting courts to reduce an existing term of imprisonment where "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i) (2018); Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–41 (2018). While previously, any motion for compassionate release had to be initiated by the BOP, the First Step Act granted defendants the ability to move the court for a reduction in their sentence for "extraordinary and compelling reasons." Before a defendant's motion can be filed with the court, one of two conditions must be satisfied: (1) the defendant must have exhausted all administrative remedies to appeal the BOP's failure to bring a motion on his behalf, or (2) thirty days must have lapsed "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). Once a motion is for compassionate release is properly filed, the court follows a three-step inquiry: (1) determining whether extraordinary and compelling reasons render the inmate eligible for compassionate release; (2) considering whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction; and (3) ensuring that the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The Government does not dispute that Ray adequately exhausted his administrative remedies before filing his motion. *See* ECF 180 at 9. Thus, this Court turns to whether he has established any extraordinary and compelling reason warranting further consideration of compassionate release.

Congress has charged the United States Sentencing Commission ("Commission") to "describe what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). 28 U.S.C. § 994(t). In response, the Commission has defined "extraordinary and compelling reasons" to exist where (1) the defendant is suffering from a terminal or serious medical condition; (2) the defendant is at least 65 years old, has failing health,

and has served at least 10 years or 75 percent of his sentence, whichever is less; (3) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; (4) the defendant was a victim of physical or sexual abuse committed by an individual with custody or control over the defendant while he was incarcerated; (5) "other reasons" similar in gravity; or (6) the defendant has served at least 10 years of an "unusually long sentence" and a change in the law has produced a "gross disparity" between the sentence being served and the sentence likely to be imposed when defendant files his motion. *See* U.S. SENT'G GUIDELINES MANUAL § 1B1.13 (U.S. SENT'G COMM'N 2023).

This Court finds the sixth factor applicable here, due to the "gross disparity" between the sentence Ray is serving and the sentence likely to be imposed when he filed his motion. Because of a change in the law following Ray's conviction, his 2002 conviction for second degree assault no longer qualifies as a crime of violence. *See United States v. Royal*, 731 F.3d 333, 340–42 (4th Cir. 2013). As a result, he would no longer be a career offender under the sentencing guidelines. Because the changed case law is not retroactive, *see Baldwin v. United States*, Civ. No. JFM-13-2006, 2013 WL 6183020, at *2 (D. Md. Nov. 25, 2013), Ray is not entitled to automatic resentencing. However, Ray argues that because he is no longer a career offender, his sentence today would be far lower than the sentence he received in 2008, when the sentencing court considered the career offender sentencing guidelines range. At that time, Ray's sentencing guidelines as a career offender resulted in an advisory guidelines range of 272 to 422 months in prison. The sentencing judge imposed a below-guidelines sentence of 240 months (156 months for the armed robbery count plus 84 months consecutive for his handgun conviction). *See* ECF 65.

In combination with the unusually long length of his sentence, Ray also cites to his rehabilitation, as evidenced by his very short list of inconsequential prison infractions during his lengthy sixteen-year term of imprisonment, his efforts to avail himself of educational opportunities, and his plans for post-incarceration employment and familial support. While the Government correctly notes that rehabilitation alone cannot be an extraordinary and compelling reason justifying relief, 28 U.S.C. § 994(t), this Court is permitted to consider rehabilitation in combination with other factors.

In the unique circumstances of this case, this Court agrees that the unusually long length of Ray's sentence, in combination with the gross disparity with the sentence he would receive today and his strong evidence of rehabilitation, constitutes an extraordinary and compelling reason to consider whether the 18 U.S.C. § 3553(a) factors warrant his release. It is beyond dispute that Ray would not receive a 240-month sentence today, given that his advisory guidelines range would be only 154 to 171 months' imprisonment. And Ray has already well-exceeded the sentences within those lower guidelines. Moreover, this is not a case in which the Defendant has stayed out of trouble for just a few years. In his sixteen-year period of incarceration, Ray's only infractions consist of one unauthorized shower, one missed religious appointment, one incident in which he touched his wife during a visit without authorization, and one dining hall incident that was deemed not his fault. That record, sadly, is unusually good for an individual incarcerated for this length of time, demonstrating Ray's ability to comport his behavior to a set of rules. These facts, in combination, lead this Court to conclude that Ray has established an extraordinary and compelling reason to proceed to consider the § 3553(a) factors in this case.[1]

---

[1] This Court does not find persuasive, and is not relying on, the other factors cited by Ray: his mental health concerns, the COVID-19 virus, and his family circumstances.

Turning to the history and characteristics of the Defendant, Ray's track record over the past sixteen years place him in a different position than at his sentencing in 2008. At that time, Ray stood before the Court with a history of robbery with a deadly weapon and second-degree assault convictions, an unverifiable employment history, and a lengthy history of alcohol abuse in addition to some mental health issues. Today, Mr. Ray has a stable relationship and release plan, and he has demonstrated his rehabilitation by complying with prison regulations, nearly without exception, for sixteen years. He has also availed himself of educational and vocational opportunities in the prison facility.

Looking at the nature and circumstances of the offense, Ray's offenses of conviction are of course extremely serious. His crimes were violent. He intimidated innocent victims and placed them in grave danger. In considering just punishment for those offenses, however, this Court notes the sixteen years that Ray has already served. That lengthy sentence also serves as a deterrent, both to the public and to Ray. The public will be protected from future crimes committed by Ray because he will commence a period of home detention to be followed by strict supervised release. He will have to complete that period without incident or face additional consequences. During that period of supervision, he can also receive training and treatment to facilitate his reassimilation into the community in a more effective manner.

Further, Ray's present anticipated release date, if this Court does not reduce his sentence, is April 24, 2025. This Court is not persuaded that an additional twelve months of incarceration (which will likely be even shorter if, like most defendants, Ray is to be released to community confinement) is necessary to ensure Ray is able to comply with the conditions of supervision or to protect community safety. Despite his criminal history during his younger days, the record Ray has established during his sixteen years of incarceration suggests that he no longer poses a

5

significant threat to community safety, once he is released to carefully crafted conditions of supervised release including an initial period of home detention. Accordingly, this Court believes that reducing Ray's sentence to time served, with a period of four months of home detention, is sufficient, but not greater than necessary, to address the purposes of the sentencing statute, 18 U.S.C. § 3553(a).

This Court therefore will grant Defendant's motions for compassionate release, ECF 168, 173, and will enter an amended judgment reducing Ray's sentence to time served and adding a four-month period of home detention to his conditions of supervision. The release will be stayed for a period of fourteen days from the date of the Order of Amended Judgment to allow medical clearance, quarantine, if necessary, and the implementation of a release plan.

April 11, 2024
Date

/s/

Stephanie A. Gallagher
United States District Judge